```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

DAMIEN SHARELL HOWARD,           *
                                 *
    Petitioner,                  *
                                 *
vs.                              *  CIVIL ACTION NO. 17-00196-JB-B
                                 *
CYNTHIA STEWART,                 *
                                 *
    Respondent.                  *

### REPORT AND RECOMMENDATION

Damien Sharell Howard, a *pro se* litigant formerly in the custody of Respondent,[1] has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.[2]   See Kelley v. Sec'y for the Dep't of Corr.,

---

[1] Howard was paroled on January 22, 2018. (Doc. 15 at 1). Since the "in custody" requirement for habeas relief may be satisfied when a petitioner is on parole, Howard's petition is not moot. See Jones v. Cunningham, 371 U.S. 236, 243 (1963).

[2] Because Howard filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Howard has failed to establish that an evidentiary hearing is warranted in this case. See Birt

377 F.3d 1317, 1337 (11th Cir. 2004).

Having carefully considered Howard's petition, Respondent's answer (Doc. 7), and Howard's response (Doc. 12), the undersigned finds that Howard's petition is untimely, and that equitable tolling is not appropriate. Accordingly, it is **RECOMMENDED** that Howard's habeas petition be **DISMISSED** as time-barred; that judgment be entered in favor of Respondent and against Petitioner, Damien Sharell Howard, pursuant to 28 U.S.C. § 2244(d); and that Howard is not entitled to the issuance of a certificate of appealability, nor is he entitled to appeal *in forma pauperis*.

I.  BACKGROUND FACTS

On March 12, 2013, a jury in the Circuit Court of Baldwin County, Alabama, returned a verdict finding Howard guilty of unlawful distribution of a controlled substance, namely cocaine, in violation of Ala. Code § 13A-12-211. (Doc. 7-1 at 9, 10, 61, 63). Based on his prior felony convictions, Howard was designated a habitual felony offender under Ala. Code § 13A-5-9, and he was sentenced to life imprisonment.[3] (Id. at 65, 67, 71-72).

---

v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

[3] Howard's prior felony convictions include third degree burglary, second degree burglary, first degree attempted possession of marijuana, and unlawful possession of controlled substances. (Doc. 7-1 at 65).

On May 7, 2013, Howard filed a notice of appeal. (Doc. 7-1 at 67). On July 24, 2013, Howard's counsel filed an Anders brief with the Alabama Court of Criminal Appeals.[4] (Doc. 7-3). On October 4, 2013, the Alabama Court of Criminal Appeals affirmed the judgment of the Baldwin County Circuit Court. (Doc. 7-5). On October 18, 2013, Howard filed an application for rehearing (Doc. 7-6), which was stricken on November 14, 2013 for failure to file a supporting brief. (Doc. 7-7). Howard did not petition the Alabama Supreme Court for certiorari, and the Alabama Court of Criminal Appeals issued a certificate of judgment on November 14, 2013. (Doc. 7-8).

Howard, proceeding *pro se*, filed his first Rule 32 petition and accompanying motion to proceed *in forma pauperis* on December 16, 2014.[5] (Doc. 7-9 at 17-18). Howard's petition and motion were denied by the Circuit Court of Baldwin County on January 6, 2015. (Id. at 24). Howard appealed the Circuit Court's denial of his

---

[4] An Anders, or no-merit, brief is a brief filed by a criminal defendant's court-appointed attorney when that attorney wishes to withdraw from the case on appeal due to the attorney's professional belief that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967).

[5] Under the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). The record reflects that Howard's petition was mailed on December 16, 2014 and was received in the Clerk's office on December 19, 2014. (Doc. 7-9 at 17, 23).

3

motion and Rule 32 petition on January 15, 2015. (Id. at 30). On May 18, 2015, the Alabama Court of Criminal Appeals dismissed Howard's appeal of the denial of his first Rule 32 petition, finding the Circuit Court order purporting to deny the petition to be void because the court had not granted Howard's request to proceed in forma pauperis and did not give Howard a reasonable time to pay the filing fee before ruling on his petition; thus, it stated that the Circuit Court should issue an order providing Howard a reasonable time to pay the statutory filing fee and, if he timely paid the fee, should consider the Rule 32 petition. (Doc. 7-12).

On July 30, 2015, Howard filed his second Rule 32 petition. (Doc. 7-14 at 4-10). On November 12, 2015, the Baldwin County Circuit Court dismissed Howard's petition on the grounds that his claims were or could have been raised at trial. (Id. at 32-33). The Circuit Court entered an amended order of dismissal on November 17, 2015. (Id. at 34-35). Howard filed a Notice of Appeal on November 23, 2015. (Id. at 41-42). On March 11, 2016, the Alabama Court of Criminal Appeals affirmed the Circuit Court's dismissal of Howard's second Rule 32 petition. (Doc. 7-19). Howard filed an application for rehearing with the Alabama Court of Criminal Appeals on March 19, 2016 (Doc. 7-20), which the court overruled on April 15, 2016. (Doc. 7-21). On April 28, 2016, Howard filed a petition for writ of certiorari with the Alabama Supreme Court

4

(Doc. 7-22), which was denied on June 10, 2016. (Doc. 7-23). On June 10, 2016, the Alabama Court of Criminal Appeals issued a certificate of judgment regarding its decision on Howard's second Rule 32 petition. (Doc. 7-24).

Howard filed the instant petition on May 3, 2017. (Doc. 1 at 12). In his petition, Howard attacks his conviction by asserting that (1) his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure"; (2) his conviction was obtained by a grand or petit jury that was unconstitutionally selected and impaneled; (3) the prosecution failed to disclose evidence that would have been favorable to his defense by not providing Howard with notice that it planned to introduce a certificate of analysis at trial; and (4) the evidence used to convict him was obtained as a result of an unlawful arrest. (Id. at 6-8).

In Respondent's answer, Respondent asserts that Howard's instant petition is untimely because his Rule 32 petitions were both filed beyond the one-year period of limitations prescribed in 28 U.S.C. §2244(d) and therefore had no tolling effect on the limitations period, which expired on November 14, 2014. (Doc. 7 at 9-11). Respondent further asserts that equitable tolling is not appropriate, and that Howard's claims are procedurally defaulted or barred. (Id. at 8, 11-19).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Howard's petition be **DISMISSED** as time-barred.

## II. ANALYSIS

### a. Untimeliness

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within a one-year period of limitation. The statute provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review

>  with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Howard has made no showing that he is entitled to rely on any of the triggering dates provided by §§ 2244(d)(1)(B), (C), or (D). Thus, the undersigned finds that § 2244(d)(1)(A) applies to Howard's claims. As stated in the statute, when § 2244(d)(1)(A) of AEDPA applies to a petitioner's claim, the one-year limitations period for filing a § 2254 petition begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id. at § 2244(d)(1)(A). When a petitioner seeks certiorari review in the Alabama Supreme Court on direct appeal but does not seek certiorari review in the United States Supreme Court, AEDPA's limitations period begins to run ninety days after the Alabama Supreme Court's entry of its certificate of judgment — the time within which the petitioner could have sought certiorari review in the United States Supreme Court had he chosen to do so. See Nix v. Sec'y for the Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Sup. Ct. Rule 13.1 (providing that a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety days of the action undertaken by such state court)). But, when a petitioner appeals to an intermediate appellate court and seeks rehearing,

but does not properly file a petition seeking review in the state's highest court, AEDPA's limitations period begins to run on the date of the intermediate appellate court's certificate of judgment, with no allowance for seeking certiorari review in the United States Supreme Court. A habeas petitioner under these circumstances is not entitled to the benefit of the ninety-day period within which he might have sought certiorari review in the United States Supreme Court had he first sought review of his conviction in the state's highest court. See Pugh v. Smith, 465 F.3d 1295, 1299-300 (11th Cir. 2006); McCormick v. Gordy, 2018 U.S. Dist. LEXIS 119979, at *7, 2018 WL 3639857, at *3 (M.D. Ala. July 17, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 127408, 2018 WL 3633923 (July 31, 2018); Jones v. Albright, 2010 U.S. Dist. LEXIS 47260, at *25-26 n.8, 2010 WL 1929765, at *7 n.8 (S.D. Ala. Apr. 15, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 47248, 2010 WL 1929763 (S.D. Ala. May 11, 2010).

The conviction at issue in the instant petition occurred on March 12, 2013, when Howard was convicted of unlawful distribution of a controlled substance. (Doc. 7-1 at 61). Howard appealed his conviction (id. at 67), and on October 4, 2013, the Alabama Court of Criminal Appeals affirmed his conviction. (Doc. 7-5). On October 18, 2013, Howard filed an application for rehearing (Doc. 7-6), which was stricken on November 14, 2013 for failure to file

a supporting brief. (Doc. 7-7). On the same date, the Alabama Court of Criminal Appeals issued a certificate of judgment. (Doc. 7-8). Because Howard did not seek a writ of certiorari in the Alabama Supreme Court, his conviction became final for federal habeas purposes on November 14, 2013 with the issuance of the certificate of judgment by the Alabama Court of Criminal appeals. Accordingly, under § 2244(d)(1)(A), AEDPA's one-year limitations period commenced running on November 14, 2013 and, in the absence of a tolling event, expired on year later, on November 14, 2014. Thus, unless Howard can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Howard filed two Rule 32 petitions with the state court on December 16, 2014, and July 30, 2015, they were not pending during the running of the AEDPA limitations period. The law is clear that petitions "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam); see also Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); Moore v. Crosby, 321 F.3d 1377,

9

1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."). Because the AEDPA limitations period had already expired by the time Howard filed his Rule 32 petitions on December 16, 2014, and July 30, 2015, those petitions had no tolling effect. Thus, Howard's federal habeas petition, which was filed almost three years after the expiration of AEDPA's one-year deadline, was untimely.

### b. Equitable Tolling

Before the Court can recommend dismissal of Howard's habeas petition as untimely, the Court must determine whether he has pled extraordinary circumstances that require a contrary conclusion. That is, the Court must examine whether Howard has demonstrated that the equitable tolling provisions of the AEDPA have been triggered, which would excuse the untimeliness of his petition.

The Eleventh Circuit has stated:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik [v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645, 649 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases. . . . We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Sec'y for the Dep't of Corr., 362 F.3d 698, 701 (11th Cir. 2004) (per curiam). Moreover, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam), cert. denied, 535 U.S. 1080 (2002).

In this case, Howard does not dispute that his petition is untimely, but he instead appears to suggest that his untimeliness should be excused because he was housed at facilities that lacked a law library and had only off-line computers. (See Doc. 12 at 2). Regarding his law library contention, Howard has not explained how his inability to access a law library resulted in the untimely petition. The Supreme Court has held that a prisoner has a constitutional right to access to the court, and that the lack of access to legal research materials or trained assistance or some

11

other similar means of preparing his claims may state a claim of constitutional violation if the inmate demonstrates that the lack kept him from accessing the court. Lewis v. Casey, 518 U.S. 343, 346 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)). However, that ruling "did not create an abstract, freestanding right to a law library or legal assistance[.]" Lewis, 518 U.S. at 351. The inmate must demonstrate actual injury, and that requirement "is not satisfied by just any type of frustrated legal claim." Id. at 354. A petitioner must demonstrate that the lack of access to legal materials kept him from timely filing his habeas petition. Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (per curiam) (holding that denial of equitable tolling was not abuse of discretion when lack of access to law library and legal papers during petitioner's detention in county jail were not shown to be extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition); Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (per curiam) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling.") (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000)).

Specifically, when an inmate fails to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding, lack of access to a law library does not

12

constitute an extraordinary circumstance necessary to toll the limitations period governing his habeas petition, despite an inmate's claims that he could not file his petition without access to those legal materials and allegations that he exercised diligence in attempting to gain access and file a timely petition. See, e.g., Paulcin, 259 F. App'x at 212-13 (citing Akins, 204 F.3d at 1089-1090 (declining to apply equitable tolling when an inmate was subjected to lockdowns in jail for several months during which he could not access the law library and prison officials misplaced his legal papers for a period of time, as he had ample time to file his motion when these impediments did not exist) and Dodd v. United States, 365 F.3d 1273, 1282-1283 (11th Cir. 2004) (finding that being transferred to a different facility and detained there for over ten months without access to legal papers did not support equitable tolling as the circumstances were not extraordinary)); Bell v. Sec'y, Dep't of Corr., 248 F. App'x 101, 104-105 (11th Cir. 2007) (per curiam) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired); McCarter v. United States, 2011 U.S. Dist. LEXIS 101524, at *16-17, 2011 WL 3857118, at *5 (S.D. Ala. Aug. 4, 2011) (finding that petitioner had not established the diligence necessary to show extraordinary circumstances), report and

recommendation adopted, 2011 U.S. Dist. LEXIS 97289, 2011 WL 3809888 (S.D. Ala. Aug. 29, 2011).

Here, Howard has not made the necessary showing. He asserts that he did not have access to a law library and that the facilities where he was housed had only off-line computers, but he has not alleged or attempted to demonstrate that these things prevented him from filing a timely habeas petition. See, e.g., U.S. v. Howell, 2010 U.S. Dist. LEXIS 126253, at *7, 2010 WL 4929247, at *2 (S.D. Ala. Oct. 19, 2010) (finding that petitioner was not entitled to equitable tolling when he "state[d] simply that he did not have access to a law library, but [did] not attempt to demonstrate that this prevented him from filing a habeas petition."), report and recommendation adopted, 2010 U.S. Dist. LEXIS 126253, 2010 WL 4929018 (S.D. Ala. Nov. 30, 2010); McKenzie v. United States, 2009 U.S. Dist. LEXIS 106803, 2009 WL 3836450, at *5 (S.D. Fla. Nov. 16, 2009) ("The petitioner has in no way demonstrated that he was actually impeded by any unconstitutional state action in timely filing . . . . Bare allegations of denial of access to a law library are not sufficient, standing alone, to entitle a petitioner to equitable tolling."). Notably, despite his allegation that he had no access to a law library until May 2016 (Doc. 12 at 2), Howard was able to prepare and file Rule 32 petitions in December 2014 and July 2015, appellate briefs in March 2015, January 2016, and February 2016, an application for rehearing

14

in March 2016, and a petition for writ of certiorari in April 2016. (See Doc. 7-9 at 11-17; Doc. 7-10; Doc. 7-14 at 4-10; Doc. 7-16; Doc. 7-18; Doc. 7-20; Doc. 7-22).

Where the Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of the AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that, because Howard has neither demonstrated actual innocence nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . .

15

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).

In the instant case, Howard's claims are time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. See Steed, 219 F.3d at 1300. He has also failed to make a sufficient showing of "actual innocence" of the charge for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995); McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Howard should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

16

erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Howard's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** Howard's petition with prejudice as time-barred and find that he is not entitled to a Certificate of Appealability and is not entitled to proceed *in forma pauperis* on appeal.[6]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

---

[6] An *in forma pauperis* action is frivolous, and thus not brought in good faith, "if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

17

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **28th** day of **October, 2019**.

                                                  **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**